# IN THE COURT OF APPEALS OF IOWA

No. 16-0093
Filed July 27, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ANNA MARIE WARE,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Black Hawk County, James D. Coil (guilty plea) and Joseph Moothart (sentencing), District Associate Judges.

　　　　The defendant appeals her convictions for operating while intoxicated, possession of methamphetamine, carrying weapons, and operating a motor vehicle without the owner's consent. **AFFIRMED.**

　　　　Jack Bjornstad of Jack Bjornstad Law Office, Okoboji, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

　　　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

The defendant, Anna Ware, appeals her convictions for operating while intoxicated (OWI), third offense; possession of a controlled substance (methamphetamine), second offense; carrying weapons; and operating a motor vehicle without the owner's consent. In her claim she received ineffective assistance due to defense counsel's failure to file a motion in arrest of judgment challenging her guilty pleas on the ground the district court did not substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b), Ware has not shown by a preponderance of the evidence that, but for counsel's error, she would not have entered guilty pleas and would have insisted on going to trial. We affirm Ware's convictions.

## I.  Background Facts & Proceedings

As part of a plea agreement, Ware pled guilty to OWI, third offense, in violation of Iowa Code section 321J.2 (2015), a class "D" felony; possession of a controlled substance (methamphetamine), second offense, in violation of section 124.401(5), an aggravated misdemeanor; carrying weapons, in violation of section 724.4(1), an aggravated misdemeanor; and operating a vehicle without the owner's consent, in violation of section 714.7, an aggravated misdemeanor. The State agreed to dismiss three counts of driving while license revoked and recommend Ware receive concurrent sentences. The district court accepted her guilty pleas.

Ware was sentenced on January 8, 2016. On the charge of OWI, third offense, she was sentenced to a term of imprisonment not to exceed five years,

to be served in a residential program.  Ware was ordered to pay a fine of $3125, a surcharge of thirty-five percent, plus court costs.  On the charges of possession of a controlled substance (methamphetamine), second offense; carrying weapons; and operating a vehicle without the owner's consent, Ware was sentenced to a term of imprisonment not to exceed two years on each charge, to be served concurrently with her other sentences.  For each of these three offenses she was ordered to pay a fine of $625 and a surcharge of thirty-five percent, which were suspended.  Ware now appeals.

## II.    Ineffective Assistance

Ware claims her guilty pleas were not knowing and voluntary because she was not fully informed of the consequences of her pleas.  She states she was not informed of (1) the thirty-five percent surcharge, (2) court costs, (3) immigration consequences, and (4) the two-day minimum jail sentence for possession of a controlled substance (methamphetamine), second offense.  Ware claims she received ineffective assistance because defense counsel did not file a motion in arrest of judgment to challenge her guilty pleas.[1]

We review claims of ineffective assistance of counsel de novo.  *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).  A defendant must show (1) defense counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.  *Id.*  A defendant must prove both prongs of a claim of ineffective assistance of counsel by a preponderance of evidence.  *Id.*

---

[1] Ware was fully informed during the plea proceedings of her right to file a motion in arrest of judgment to challenge her pleas.  She did not file such a motion, and therefore, raises her claims on appeal as a claim of ineffective assistance of counsel.  *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

We may consider the prejudice prong of a claim of ineffective assistance of counsel first. *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). Ware asks us to adopt a per se prejudice test under the Iowa Constitution in cases involving guilty pleas. The Iowa Supreme Court has considered the prejudice prong in cases where a defendant has entered a guilty plea and determined, "Our standard for the prejudice element in ineffective-assistance-of-counsel claims remains consistent—in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138; *see also State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) ("In *State v. Straw*, . . . this court refused to accept a per se rule of prejudice where there is a deficiency in the court colloquy and acceptance of a guilty plea."). "We are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Other than advocating for a per se rule of prejudice in cases involving guilty pleas, Ware does not state how she was prejudiced by counsel's performance. We determine even if defense counsel breached an essential duty by failing to file a motion in arrest of judgment to challenge Ware's guilty plea on the ground there had not been substantial compliance with Iowa Rule of Criminal Procedure 2.8(2)(b), she has not shown by a preponderance of the evidence that, but for counsel's error, she would not have entered guilty pleas and would have insisted on going to trial. We conclude Ware has failed to show she received ineffective assistance of counsel.

We affirm Ware's convictions.

**AFFIRMED.**